COCKE (MUNROE v.). See Case No. 9,928.

------

## Case No. 2,930.

COCKER et al. v. FRANKLIN HEMP & BAGGING CO.

[1 Story, 169.][1]

Circuit Court, D. Massachusetts. May Term, 1840.

DEPOSITIONS—PRACTICE—WAIVER OF EXCEPTIONS TO INTERROGATORIES.

1. In cases of disagreement between parties in regard to interrogatories and cross interrog-

------

[1] [Reported by William W. Story, Esq.]

atories, they should be referred to a master in chancery to be settled by him, subject to the ultimate review of the court upon an appeal from such report.

[Cited in Zunkel v. Litchfield, 21 Fed. 197.]

2. Exceptions to interrogatories or cross interrogatories should be propounded as objections, before the commission issues, or they will be deemed waived.

At law. Assumpsit [by Robert Cocker and others against the Franklin Hemp & Bagging Company] for goods bargained and sold. Plea, the general issue. At a former term, upon a trial of the cause the jury disagreed, and no verdict was given. [Case No. 2,932.] At the present term, a commission was moved for by the defendants to examine witnesses in England, in support of their defence, and the motion was granted by the court. Interrogatories and cross interrogatories were filed according to the rules of the court. But exceptions were taken by the plaintiffs, to the second, fourth, fifth, sixth, ninth, tenth, eleventh, and twelfth interrogatories of the defendants; and by the defendants to the fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and nineteenth cross interrogatories of the plaintiffs.

The exceptions were briefly argued by Mr. Bartlett, for defendants, and by Loring and Dehon, for plaintiffs.

STORY, Circuit Justice. Applications to review interrogatories in cases of this sort are rare in this court. And I wish, therefore, to say a few words as to the proper course of practice. In general, it seems to me, the most fit course is, that in cases of disagreement between the parties as to the form of the interrogatories and cross interrogatories, it should be referred to a master to settle the proper form of them, subject, of course, to an ultimate review by the court upon an appeal from his decision and report. In this way, by a hearing of the parties, as to the points in issue, the master will generally be able to direct the ultimate form of the interrogatories, so as to make them satisfactory to the parties. In reviewing interrogatories, it is impossible, in many cases, to decide, whether the interrogatory itself, or the particular form, in which it is propounded, is the proper one or not, without a knowledge of the general merits of the cause, or of the points in issue between the parties. Under such circumstances, it seems proper, that the court should reserve their ultimate decision until the trial in all doubtful cases, so that the party affected thereby may have a full opportunity to file exceptions to the ruling of the court, and thus to bring the matter under the review of the appellate court, or to move for a new trial. I shall deem it my duty generally to act upon this course of practice, as best adapted to secure the rights of all parties. When, therefore, exceptions are intended to be taken to any particular interrogatories or cross interrogatories, they should be propounded,

as objections before the commission issues, otherwise they will be deemed to be waived. When objected to, if I entertain doubts as to their relevancy or propriety, I shall let them go, and reserve the matter for a final hearing at the trial. If I entertain no doubt, that they are irrelevant or improper, I shall not hesitate to overrule them, and order them to be struck out. In the present case I have varied the form of some of the cross interrogatories, and, with this alteration, I have allowed them. I overrule all the exceptions, taken by the defendants to the cross interrogatories, except to the nineteenth, which I allow, and direct the same to be suppressed. I overrule all the exceptions taken by the plaintiffs to the interrogatories of the defendants, except to the eleventh and twelfth, which I allow, and direct the same to be suppressed. I do not mean to be understood, as being perfectly satisfied, that some of the exceptions taken by the parties may not be good to others of the interrogatories and cross interrogatories. But I desire to reserve a final opinion thereon, until the hearing at the trial.

[NOTE. On the trial the jury rendered a verdict for plaintiffs. Case No. 2,931.]